# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| WAG ACQUISITION, LLC, | |
| *Plaintiff,* | |
| v. | Case No. 6:21-cv-01083-ADA |
| NETFLIX, INC., | JURY TRIAL DEMANDED |
| *Defendant.* | |

**NETFLIX, INC.'S OPPOSED MOTION TO DISMISS FOR IMPROPER VENUE; OR IN THE ALTERNATIVE, TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................... 1

II.     BACKGROUND ............................................................................................. 2

        A.      The Parties ........................................................................................ 2

        B.      Relevant Documents And Witnesses Are Located In California............................ 2

III.    ARGUMENT ................................................................................................. 3

        A.      Venue Is Improper Under 28 U.S.C §1400(b)........................................................ 3

        B.      In The Alternative, This Case Should Be Transferred To The Northern District Of
                California For The Convenience Of The Parties And Witnesses ........................... 5

                1.      WAG Could Have Brought This Action In The Northern District Of
                        California ................................................................................ 6

                2.      The Private-Interest Factors Favor Transfer To The Northern District Of
                        California. ............................................................................... 7

                        a.      Netflix's Custodians And Witnesses Are Located In The Northern
                                District Of California Where Netflix Is Headquartered................. 7

                        b.      Netflix's Documents Are Physically Located In The Northern
                                District Of California Where Netflix Is Headquartered................. 9

                        c.      There Is No Compulsory Process Over Relevant Third-Party
                                Witnesses In This District. ........................................... 10

                        d.      No Practical Concern Outweighs The Convenience Of Transfer
                                Since There Is Already Another Case In The Northern District... 11

                3.      The Public-Interest Factors Also Favor Transfer To California. ............. 12

                        a.      Northern District Of California Has A Strong Interest In This Case
                                ........................................................................ 12

                        b.      The Remaining Public-Interest Factors Are Neutral ................... 14

IV.     CONCLUSION................................................................................................. 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*10Tales, Inc. v. TikTok Inc.*,
 No. 6:20-CV-00810-ADA, 2021 WL 2043978 (W.D. Tex. May 21, 2021) ..........................15

*In re Acer Am. Corp.*,
 626 F.3d 1252 (Fed. Cir. 2010), *as amended* (Jan. 13, 2011).................................................12

*In re Apple Inc.*,
 No. 2021-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) ...................................................8

*Atl. Marine Constr. Co. v. U.S Dist. Ct. for W. Dist. of Tex.*,
 134 S. Ct. 568 (2013)................................................................................................................4

*In re Atlassian Corp. PLC*,
 No. 2021-177, 2021 WL 5292268 (Fed. Cir. Nov. 15, 2021) .................................................14

*Caselas v. Jetpay LLC*,
 No. 6:20-cv-01138-ADA, 2021 U.S. Dist. LEXIS 245206 (W.D. Tex. Sep. 3,
 2021) .........................................................................................................................................6

*In re Cray Inc.*,
 871 F.3d 1355 (Fed. Cir. 2017)...........................................................................................3, 4

*Datascape, Ltd. v. Dell Techs., Inc.*,
 No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019)
 (Albright, J.).............................................................................................................................12

*FCX Solar, LLC v. FTC Solar, Inc.*,
 No. 6:21-CV-548-ADA, 2021 WL 4953912 (W.D. Tex. Oct. 25, 2021)...............................14

*Fintiv, Inc. v. Apple Inc.*,
 No. 6:18- cv-00372-ADA, 2019 WL 4743678 (W.D. Tex. Sept. 13, 2019)
 (Albright, J.)...............................................................................................................................9

*In re Genentech, Inc.*,
 566 F.3d 1338 (Fed. Cir. 2009)..........................................................................................5, 7

*Gesture Tech. Partners, LLC v. Lenovo Group Ltd. et al*,
 W-21-CV-00122-ADA, 2021 U.S. Dist. LEXIS 248589 (W.D. Tex.
 December 29, 2021)....................................................................................................................5

*In re Google LLC,*
   949 F.3d 1338 (Fed. Cir. 2020)...........................................................................4

*Gunn v. Minton,*
   568 U.S. 251 (2013)...........................................................................................6

*HD Silicon Sols. LLC v. Microchip Tech. Inc.,*
   No. W-20-CV-01092-ADA, 2021 WL 4953884 (W.D. Tex. Oct. 25, 2021)................. *passim*

*In re HP Inc.,*
   826 F. App'x 899 (Fed. Cir. 2020) .....................................................................11

*In re HP Inc.,*
   No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) .............................6, 7

*In re Hulu, LLC,*
   No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ...............................5, 6

*J. McIntyre Mach., Ltd. v. Nicastro,*
   564 U.S. 873 (2011)...........................................................................................6

*In re Juniper Networks, Inc.,*
   No. 2021-156, 2021 WL 4519889 (Fed. Cir. Oct. 4, 2021).................................12

*Lynk Labs, Inc. v. Home Depot USA, Inc.*
   et al, 6:21-cv-00097-ADA, Dkt. No. 55 at 14 (Dec. 8, 2021) ..................................8

*Nat'l Steel Car Ltd. v. Greenbrier Cos., Inc.,*
   No. 6-19-cv-00721-ADA, 2020 WL 4289388 (W.D. Tex. July 27, 2020) .............................3

*In re Netflix, Inc.,*
   No. 22-110 (Fed. Cir.)..........................................................................................6

*In re Nintendo Co., Ltd.,*
   589 F.3d 1194 (Fed. Cir. 2009).............................................................................6

*In re Pandora Media, LLC,*
   No. 2021-172, 2021 WL 4772805 (Fed. Cir. Oct. 13, 2021).............................8, 11

*Parus Holdings Inc. v. LG Elecs. Inc.,*
   No. 6:19-cv-00432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020) .......................7, 9

*Polaris Innovations Ltd. v. Dell, Inc.,*
   No. 16-cv-451-XR, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) .........................12

*Proven Networks, LLC., v. Netapp, Inc.,*
   No. W-20-CV-00369-ADA, 2021 WL 4875404 (W.D. Tex. Oct. 19, 2021).........................14

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) ................................................................................3

*Triller, Inc. v. ByteDance, Ltd.*,
   No. 6-20-CV-00693-ADA, 2021 WL 3913589 (W.D. Tex. July 9, 2021)............................15

*In re Uber Techs., Inc.*,
   852 F. App'x 542 (Fed. Cir. 2021) ......................................................13

*Vassallo v. Goodman Networks, Inc.*,
   No. 5:14-cv-743-DAE, 2015 WL 502313 (W.D. Tex. Feb. 5, 2015)....................13

*VLSI Tech. LLC v. Intel Corp.*,
   No. 6:19-cv-00254-ADA, 2019 WL 8013949 (W.D. Tex. Oct. 7, 2019)................7

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ..........................................................14

*In re Volkswagen AG*,
   545 F.3d 304 (5th Cir. 2008) ...........................................................6

*WAG Acquisitions, LLC v. FriendFinder Networks Inc., et al.*,
   No. 3-19-cv-05036 (N.D. Cal.)...........................................................11

*XY, LLC v. Trans Ova Genetics, LC*,
   No. 16-CA-00447-RP, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ....................12

*In re Zimmer Holdings, Inc.*,
   609 F.3d 1378 (Fed. Cir. 2010).........................................................12

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018).........................................................3

## Statutes

28 U.S.C. § 1400(b) ........................................................... *passim*

28 U.S.C. § 1404(a) ......................................................1, 5, 6, 7

28 U.S.C. § 1406(a) ...............................................................4

Defendant Netflix, Inc. ("Netflix") moves to dismiss Plaintiff WAG Acquisition, LLC's ("WAG") First Amended Complaint ("FAC") for improper venue pursuant to Rule 12(b)(3); or in the alternative, to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of California for the convenience of the witnesses and parties, and in the interests of justice. Pursuant to Local Rule CV-7(G), counsel for the parties have conferred in a good-faith attempt to resolve this matter, but could not come to an agreement. Therefore, Netflix's motion should be granted for the reasons set forth below.[1]

## I.    INTRODUCTION

This case does not belong in the Western District of Texas. Neither party has any connection to West Texas. WAG is a New Jersey company and has no connection to West Texas other than having filed suit here in an attempt to forum shop. Netflix has no regular and established place of business in West Texas despite WAG's allegations to the contrary in the FAC. Netflix is a Delaware corporation with its principal place of business in Northern California and no offices or other facilities in West Texas. Thus, WAG cannot maintain this case under 28 U.S.C. § 1400(b) and it should be dismissed pursuant to Rule 12(b)(3).

Even if venue here were deemed proper, which it is not, Netflix's witnesses, documents and evidence are located in the Northern District of California. Thus, under a straightforward application of the factors considered for transfer under 28 U.S.C. § 1404(a), this case should be transferred to the Northern District of California. WAG has not identified any witnesses, documents or evidence to justify this case proceeding in the Western District. Netflix respectfully

---

[1] Netflix intends to file a motion to stay pending *ex parte* reexaminations of related patents, which will be mooted if the Court grants this motion to dismiss, or transfer. Netflix intends to renew its stay motion in the transferee court if the Court grants this motion to transfer.

asks this Court to dismiss this case, or in the alternative, to transfer this case to the Northern District of California.

## II.     BACKGROUND

### A.     The Parties

WAG filed this patent infringement suit against Netflix on October 18, 2021.  (Dkt. No. 8 at ¶¶ 1-2).  WAG is a New Jersey company with its principal place of business in Succasunna, New Jersey.  (Dkt. No. 8 at ¶ 4).  WAG has no connections to Texas and makes no allegations of any ties to Texas in its complaint.  Netflix is a Delaware corporation with its principal place of business in Los Gatos, California.  Netflix has no offices or physical locations in Texas, and it has never leased property at 2008 Alexander Ave., Austin, TX 78722, despite WAG's assertion in its complaint.  (Dkt. No. 8 at ¶ 5; Charlotte Bowers Decl. ("Bowers Decl.") at ¶¶ 13-14; Declaration of Sarah S. Brooks ("Brooks Decl.") at ¶ 2, Ex. A, Property Summary Report; ¶ 3, Ex. B, Address Report). Netflix does not maintain control of or over internet service providers ("ISPs") that it works with, including ISPs in the State of Texas. (Bowers Decl. ¶16).  In order to provide its customers with its content, Netflix works with ISPs throughout the country including within the State of Texas. (Bowers Decl. ¶16). Netflix provides an appliance, called an open connect appliance ("OCA") to these ISPs to facilitate the content delivery to its customers. (Bowers Decl. ¶16).  However, Netflix does not maintain ownership or control of the OCAs once delivered to these ISPs. (Bowers Decl. ¶16).

### B.     Relevant Documents And Witnesses Are Located In California

The Netflix engineers and product managers who designed, developed, and manage Netflix's accused video streaming services are based in Netflix's Los Gatos, California headquarters.  (Bowers Decl. at ¶¶ 5, 7).  All relevant marketing and finance employees are also based in Los Gatos, California.  (Bowers Decl. at ¶¶ 9-11).  Netflix's relevant physical and

electronic documents are maintained by employees based in the Northern District of California. (Bowers Decl. at ¶ 7).  And three prior art inventors are based in Northern California; none have been identified in Texas.  (Brooks Decl. at ¶ 5).

Moreover, the two patents-in-suit have no connection to Texas: the sole inventor resides in Pennsylvania and the attorney who prosecuted the patents-in-suit resides in New Jersey. (Brooks Decl. at ¶ 4, Ex. C).

## III.   ARGUMENT

### A.   Venue Is Improper Under 28 U.S.C §1400(b)

Venue in this case is governed by 28 U.S.C. § 1400(b), "the exclusive provision controlling venue in patent infringement proceedings."  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017) (citation omitted).  Plaintiff bears the burden of establishing venue under 28 U.S.C. § 1400(b).  *See, e.g., Nat'l Steel Car Ltd. v. Greenbrier Cos., Inc.*, No. 6-19-cv-00721-ADA, 2020 WL 4289388, *2 (W.D. Tex. July 27, 2020); *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018).  Because § 1400(b) is unique to patent law, Federal Circuit law governs the analysis of whether venue is proper.  *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  Section 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."  *TC Heartland*, 137 S. Ct. at 1517.  A "regular and established place of business" under the second prong of § 1400(b) requires (1) "a physical place in the district"; (2) "the place must be a regular and established place of business"; and (3) "the regular and established place of business must be the place of the defendant."  *Cray*, 871 F.3d at 1362-1364 (internal quotations omitted). If any statutory requirement is not satisfied, venue is improper.  *Id*.  If a case is filed in an improper

venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *Atl. Marine Constr. Co. v. U.S Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013).

Here, it is undisputed that venue is improper under the first prong of 28 U.S.C. § 1400(b) because Netflix does not reside in Texas.  As WAG acknowledged in the FAC: "Defendant Netflix, Inc. is a Delaware corporation with its principal place of business at 100 Winchester Circle, Los Gatos, California 95032."  (Dkt. No 8 at ¶ 5).

Under the second prong of § 1400(b), to establish that a corporation has a regular and established place of business in a district, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Cray*, 871 F.3d at 1360.  A "physical place" in the district means a "a fixed physical location" "from which the business of the defendant is carried out."  *Id*. at 1362.  A "regular and established place of business" means a "stable," "permanent," and "not transient" place in which there is a "regular, physical presence of an employee or other agent of the defendant conducting the defendant's business."  *In re Google LLC*, 949 F.3d 1338, 1344-45 (Fed. Cir. 2020).

WAG contends that "2008 Alexander Ave. Austin, TX 78722" is Netflix's regular and established place of business.  (Dkt. No. 8 at ¶ 5).  That is simply not true.  Netflix has no connection to that address whatsoever and has never leased or used property there.  (Bowers Decl. at ¶ 14; Brooks Decl. at Exs. A, B).  Moreover, Netflix does not own or lease any real estate in the Western District of Texas or in the State of Texas.  (Bowers Decl. at ¶ 13).  Additionally, WAG alleges that Netflix personnel control and configure video content servers within the District.  (Dkt. No. 8 at ¶ 9).  That too is not true. As described above, Netflix works with ISPs throughout the country and provides OCAs to these ISPs to facilitate content delivery to its customers. However,

Netflix releases title of the OCAs to the ISPs, thereby relinquishing control. (Bowers Decl. at ¶ 16). *See Gesture Tech. Partners, LLC v. Lenovo Group Ltd. et al*, W-21-CV-00122-ADA, 2021 U.S. Dist. LEXIS 248589, *10 (W.D. Tex. December 29, 2021) (granting defendants' motion to dismiss for improper venue because defendants did not have a regular and established place of business in the district through their authorized service centers and resellers).

Therefore, this case should be dismissed according to 28 U.S.C. § 1400(b).

**B.      In The Alternative, This Case Should Be Transferred To The Northern District Of California For The Convenience Of The Parties And Witnesses**

Section 1404(a) governs requests to transfer and provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A § 1404(a) motion "should be granted" if the movant shows that a venue where the action might have been brought is "clearly more convenient." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). A number of private and public-interest factors are considered, none of which is given dispositive weight. The private-interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *2 (Fed. Cir. Aug. 2, 2021) (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public-interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that

will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws." *Id.*  A plaintiff's choice of venue is not an independent factor in the analysis.[2]

Here, several factors heavily favor transfer to the Northern District of California, while no factors weigh against it.[3]  The Federal Circuit made clear "that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer."  *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).  Thus, transfer should be ordered here.  *See In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *2 (Fed. Cir. Sept. 25, 2018) (mandating transfer when "nothing favors the transferor forum, whereas several factors favor the transferee forum").

### 1.    WAG Could Have Brought This Action In The Northern District Of California

On a motion to transfer, the preliminary question is whether an action "might have been brought" in the proposed venue.  28 U.S.C. § 1404(a).  WAG could have sued Netflix in the Northern District of California, the proposed transferee venue.  Netflix is subject to personal jurisdiction there, where it maintains its principal place of business, and the Court has subject matter jurisdiction over federal patent infringement claims.  *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011); *Gunn v. Minton*, 568 U.S. 251, 263 (2013); 28 U.S.C. § 1400(b).  The Northern District is also where Netflix designed, developed, and tested the accused streaming video services.  (Bowers Decl. at ¶ 7).

---

[2]  *Caselas v. Jetpay LLC*, No. 6:20-cv-01138-ADA, 2021 U.S. Dist. LEXIS 245206, at *6 (W.D. Tex. Sep. 3, 2021) ("A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *In re Volkswagen AG*, 545 U.S. 304, 313-314 (5th Cir. 2008)  ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege.").

[3]  In a separate, un-related litigation, the Eastern District of Texas denied Netflix's motion to transfer venue. Netflix filed a mandamus petition, which is pending. *See In re Netflix, Inc.*, No. 22-110 (Fed. Cir.).

      **2.**      **The Private-Interest Factors Favor Transfer To The Northern District Of California**.

           **a.**      **Netflix's Custodians And Witnesses Are Located In The Northern District Of California Where Netflix Is Headquartered**.

"The convenience of the witnesses is the single most important factor in the transfer analysis." *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-cv-00432-ADA, 2020 WL 4905809, at *5 (W.D. Tex. Aug. 20, 2020); *see also VLSI Tech. LLC v. Intel Corp.*, No. 6:19-cv-00254-ADA, 2019 WL 8013949, at *4 (W.D. Tex. Oct. 7, 2019) (Albright, J.) ("[t]he relative convenience to the witnesses is often recognized as the most important factor under § 1404(a)"). In assessing this factor, the Court considers the "100-mile rule," which provides that witness inconvenience increases in direct relationship to the additional distance to be traveled. *HD Silicon Sols. LLC v. Microchip Tech. Inc*., No. W-20-CV-01092-ADA, 2021 WL 4953884, at *5 (W.D. Tex. Oct. 25, 2021). However, the presence of witnesses outside the transferor and transferee forums does not alter the analysis. *HP*, No. 2018-149, 2018 WL 4692486, at *3; *In re Genentech, Inc*., 566 F.3d 1338, 1345-46 (Fed. Cir. 2009).

Here, the location of the witnesses overwhelmingly favors transfer. Neither party has a single witness located in Texas. WAG is located in New Jersey, the prosecuting attorney to the patents-in-suit is also located in New Jersey and the inventor to the patents-in-suit is located in Pennsylvania. (Brooks Decl. at ¶ 4, Ex. C). Netflix's custodians and witnesses are located in Northern California. Specifically, the employees that Netflix has identified with potentially relevant information are all based in Northern California: [4]

- Alex Gutarin

---

[4] Netflix may identify additional individuals with relevant information after WAG serves its infringement contentions.

- Renee Rodriguez

- Michael Costello

- Ellen Livengood

- Mohit Vora

(Bowers Decl. at ¶¶ 9-11).

The Federal Circuit has held that the witness convenience factors weigh strongly in favor of a transfer when "[defendant] identified several potential party and non-party witnesses residing in the Northern District of California, and no potential witnesses appear to reside in the Western District of Texas…." *In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *3 (Fed. Cir. Nov. 15, 2021); *see also Lynk Labs, Inc. v. Home Depot USA, Inc.* et al, 6:21-cv-00097-ADA, Dkt. No. 55 at 14 (Dec. 8, 2021)(granting motion to transfer and finding that Plaintiff identified no witnesses that could be compelled to testify in the Western District of Texas). Additionally, the Federal Circuit held that "the litigation should be conducted where more witnesses could testify without leaving their homes or their regular places of business." *In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at *6 (Fed. Cir. Oct. 13, 2021). Because Los Gatos is roughly 1,756 miles from Waco, Texas, travel for these employees will likely involve multiple flights, at least one night at a hotel, multiple days of missed work, and significant expense. (Bowers Decl. at ¶ 15). Moreover, "[t]he Federal Circuit has indicated that time is a more important metric than distance." *HD Silicon*, 2021 WL 4953884, at *5. "As previously stated, the Federal Circuit now takes the position that this Court should not accord the convenience of party witnesses less weight. Because the majority of party witnesses and potentially willing third-party witnesses reside in the NDCA, with no known relevant witnesses in the WDTX, the Court finds that this factor weighs strongly in favor of transfer." *Id.* (internal citation omitted).

The significant burden of requiring the large number of identified potential witnesses in the Northern District of California to travel to this district warrants transfer.

### b.   Netflix's Documents Are Physically Located In The Northern District Of California Where Netflix Is Headquartered

This first factor also considers "where the parties store documentary evidence, such as documents and physical evidence." *Parus Holdings*, 2020 WL 4905809, at *2. Here, because Netflix's product and engineering teams are based in Los Gatos, California, the majority of the evidence is located in Los Gatos. (Bowers Decl. at ¶ 7). Netflix employees in Los Gatos, California are involved in the design, development, testing, updating, marketing, and financing of Netflix's products, including the accused instrumentality. (Bowers Decl. at ¶¶ 5, 7). Further, Los Gatos is where Netflix's highly confidential source code can be reviewed, and where Netflix maintains the vast majority of documents relevant to the accused instrumentality, including technical, marketing, and financial documents. (Bowers Decl. at ¶ 7). *See Fintiv, Inc. v. Apple Inc.*, No. 6:18- cv-00372-ADA, 2019 WL 4743678, at *4 (W.D. Tex. Sept. 13, 2019) (Albright, J.) (noting that "the physical location of electronic documents does affect the outcome of this factor"). Netflix is not aware of any such evidence in Texas nor has WAG identified any in the Amended Complaint.[5]

Moreover, Netflix, as the alleged infringer, will likely produce the majority of the relevant evidence in this matter. The Federal Circuit noted that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *HD Silicon*, 2021 WL 4953884, at *2 (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)); *see also*

---

[5] No relevant Netflix witnesses work in Texas, nor are any relevant documents maintained there. (Bowers Decl. at ¶¶ 5, 7-11).

*Lynk Labs, Inc.*, 6:21-cv-00097-ADA, Dkt. No. 55 at p. 9 (Dec. 8, 2021).  Additionally, to the extent it becomes relevant, Netflix also maintains its financial information in the Los Gatos office. (Bowers Decl. at ¶ 8).  Conversely, Netflix does not maintain any documentation in West Texas. (Bowers Decl. at ¶ 7).  The location of Netflix's evidence, which will serve as the bulk of the evidence at trial, therefore favors transfer.  *See HD Silicon*, 2021 WL 4953884, at *3 (concluding this factor favored transfer where "a portion of documents regarding one of four Accused Products are held in NDCA.").

Thus, the "sources of proof" factor favors transfer.

### c.     There Is No Compulsory Process Over Relevant Third-Party Witnesses In This District.

The availability of compulsory process "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue."  *HD Silicon*, 2021 WL 4953884, at *3 (*quoting In re Apple, Inc.*, 581 F. App'x at 889).  Here, Netflix has identified three third-party witnesses who are believed to live and work in the Northern District of California, outside the subpoena power of this Court:

- Yevgeniy Eugene Shteyn, Cupertino, CA

- Ralph D. Hill, Los Gatos, CA

- Eric David Bloch, San Francisco, CA

(Brooks Decl. at ¶ 5).

Yevgeniy Eugene Shteyn is the inventor of U.S. Patent No. 7,529,806, which was relied on to find a substantial new question of patentability in the *ex parte* reexaminations of U.S. Patent Nos. 8,327,011 ("'011 patent") and 8,122,141 ("'141 patent").  (Brooks Decl. at ¶¶ 6-7, Exs. D and E).  U.S. Patent No. 6,005,600, invented by Ralph D. Hill, was relied upon by the Examiner in the '011 patent *ex parte* reexamination, and U.S. Patent No. 6,792,468, invented by Eric David

Bloch, was also relied upon by the Examiner as a reference in the '011 and '141 *ex parte* reexams. (Brooks Decl. at ¶¶ 6-7, Exs. D and E).  The '011 and '141 patents are streaming patents related to the patents-in-suit here and share the same sole inventor.

The named inventor of the patents-in-suit resides in Pennsylvania, not in Texas. (Brooks Decl. at ¶ 4).  This fact does not negate transfer to Northern District of California simply because the inventor would need to travel a greater distance to reach the Northern District of California than the Western District of Texas.  As the Federal Circuit explained in *Pandora*, for those "non-party witnesses, they 'will likely have to leave home for an extended period' whether or not the case was transferred, and thus those witnesses would be only slightly more inconvenienced by having to travel to California than to Texas."  No. 2021-172, 2021 WL 4772805, at *5. As a practical matter, however, travel from Pennsylvania to San Jose, CA or San Francisco, CA would take less time than travel from Pennsylvania to Waco, TX because the route is more direct.

Thus, this factor favors transfer.

> ### d.     No Practical Concern Outweighs The Convenience Of Transfer Since There Is Already Another Case In The Northern District

This Court and the Northern District of California are equally capable of hearing this case, however, there are no reasons of judicial economy that justify keeping it here.  WAG is litigating another case in the Northern District of California against defendant FriendFinder Networks Inc. et al., where it asserts related patents with the same sole inventor.[6]  *See e.g., In re HP Inc.*, 826 F. App'x 899, 903 (Fed. Cir. 2020) (directing transfer of patent case to the court that presided over earlier patent suits involving related patents).  Although WAG has filed two other cases in the Western District of Texas, this is not enough to affect the transfer analysis when the totality of the

---

[6] *WAG Acquisitions, LLC v. FriendFinder Networks Inc., et al*., No. 3-19-cv-05036 (N.D. Cal.). The Court there *sua sponte* stayed the case on December 23, 2021 pending *ex parte* reexaminations.  Dkt. No. 233 in 3:19-cv-05036-JD.

factors all favor transfer.  *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010)
(the existence of another suit in the forum does not "negate[] the significance of having trial close
to where most of the identified witnesses reside and where the other convenience factors clearly
favor.").  Thus, no "practical problems" weigh against transfer here.

3.     **The Public-Interest Factors Also Favor Transfer To California**.

a.     **Northern District Of California Has A Strong Interest In This
Case**

The "local interest" factor weighs the relative interests of the transferee and transferor
venues in adjudicating a dispute.  *Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA,
2019 WL 4254069, at *3 (W.D. Tex. June 7, 2019) (Albright, J.).  "A local interest is demonstrated
by a relevant factual connection between the events and the venue."  *HD Silicon*, 2021 WL
4953884, at *6 (*quoting Word to Info, Inc. v. Facebook, Inc*., No. 3:14-cv-04387-K, 2015 WL
13870507, at *4 (N.D. Tex. Jul. 23, 2015) (internal quotations omitted)).  While the sale of an
accused product offered nationwide does not give rise to a substantial interest in any single venue,
connections between the transferee venue and the events giving rise to a suit favors transfer.  *In re
Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010), *as amended* (Jan. 13, 2011).

WAG is headquartered in New Jersey and has no ties to the Western District of Texas.
(Dkt. No. 8 at ¶ 4).  The Federal Circuit recently held that this factor weighs in favor of transfer
where Plaintiff's ties to Texas are nonexistent.  *In re Juniper Networks, Inc.*, No. 2021-156, 2021
WL 4519889, at *3 (Fed. Cir. Oct. 4, 2021) (holding that when plaintiff's ties to Texas were
nonexistent, it was an error to find this factor neutral).

"[H]eadquarters in a certain location gives [it] a strong local interest."  *Polaris Innovations
Ltd. v. Dell, Inc.*, No. 16-cv-451-XR, 2016 WL 7077069, at *11 (W.D. Tex. Dec. 5, 2016); see *XY,
LLC v. Trans Ova Genetics, LC*, No. 16-CA-00447-RP, 2017 WL 5505340, at *9 (W.D. Tex. Apr.

5, 2017) (holding that the "district where a party has its principal place of business typically has a stronger local interest in the adjudication of the case"). As described in Section 2(b), *supra*, Netflix is headquartered in Los Gatos, California. Further, Netflix's activities pertaining to the accused product—including design, development, testing, marketing, and financial management—took place at Netflix's headquarters in the Northern District. (Bowers Decl. at ¶ 7); *see In re Uber Techs., Inc.*, 852 F. App'x 542, 543 (Fed. Cir. 2021) (rejecting District Court's "conclusion that the local interest factor was neutral despite the District Court itself recognizing that the underlying accused functionality was researched, designed, and developed in the transferee venue."). Netflix does not have any real ties to the Western District. WAG alleges that Netflix personnel control and configure video content servers within the District. (Dkt. No. 8 at ¶ 9). That is not true. As described above, Netflix works with ISPs throughout the country and provides OCAs to these ISPs to facilitate content delivery to its customers. (Bowers Decl. at ¶16). However, Netflix releases title of the OCAs to the ISPs, thereby relinquishing control. (Bowers Decl. at ¶16). WAG also alleges that Netflix has an office in Austin, which is incorrect. (Bowers Decl. at ¶¶ 13-14). "National companies may have offices in virtually every judicial district," but there's a need to consider "those actually affected … by the controversy and the case" and little weight is given "in the absence of any indication that the events giving rise to [the] suit occurred" in this District. *Vassallo v. Goodman Networks, Inc.*, No. 5:14-cv-743-DAE, 2015 WL 502313, at *5 (W.D. Tex. Feb. 5, 2015).

Further, as mentioned above (at 11, n.6), WAG is litigating another case in the Northern District of California against defendant FriendFinder Networks Inc. et al., where WAG is asserting related patents with the same sole inventor.

Thus, the Northern District interest in this case favors transfer.

**b.      The Remaining Public-Interest Factors Are Neutral**

Three public factors remain: (1) the administrative difficulties flowing from court congestion; (2) the familiarity of the forum with the law that will govern the case; and (3) the avoidance of unnecessary problems of conflict of laws or the application of foreign law.  *See Volkswagen AG*, 371 F.3d at 203.  These factors are neutral.

This Court and the Northern District of California have comparable times to trial.[7]  But the Western District of Texas was substantially busier than the Northern District of California with respect to filings per judgeship, with 856 patent filings in 2020 versus 238 for California's Northern District.[8]  Given these facts, Netflix respectfully submits that "court congestion" factor is either neutral or may weigh in favor of the Northern District of California given the Western District of Texas' recent caseload.  In any event, the Federal Circuit has held that "when other relevant factors weigh in favor of transfer or are neutral, 'then the speed of the transferee district court should not alone outweigh all those other factors.'"  *In re Atlassian Corp. PLC,* No. 2021-177, 2021 WL 5292268, at *4 (Fed. Cir. Nov. 15, 2021) (quoting *Genentech*, 566 F.3d at 1347).  Thus, the court congestion factor is neutral.

Second, the Northern District of California and Western District of Texas are "both familiar with federal patent law, and equally capable of presiding over a patent law case."  *FCX Solar, LLC v. FTC Solar, Inc.,* No. 6:21-CV-548-ADA, 2021 WL 4953912, at *9 (W.D. Tex. Oct. 25, 2021).  This Court has found this factor to be neutral in a number of cases in which transfer to the Northern District of California was granted.  *See Proven Networks, LLC., v. Netapp, Inc.*, No. W-20-CV-

---

[7] For the year ending December 31, 2020, this District's time to trial was similar to the Northern District of California.  (Brooks Decl. at ¶ 8, Ex. F).

[8] In 2019, this District received 291 patent filings, while the Northern District of California received 233 filings.  In the year ending December 2020, this District remained busier with 856 filings, while the Northern District had 238 filings.  (Brooks Decl. at ¶ 9, Ex. G).

00369-ADA, 2021 WL 4875404, at *6 (W.D. Tex. Oct. 19, 2021); *Triller, Inc. v. ByteDance, Ltd.*, No. 6-20-CV-00693-ADA, 2021 WL 3913589, at *8 (W.D. Tex. July 9, 2021); *10Tales, Inc. v. TikTok Inc*., No. 6:20-CV-00810-ADA, 2021 WL 2043978, at *5-6 (W.D. Tex. May 21, 2021).

Lastly, there are no conflict of law issues implicated by transfer.  Thus, this factor is also neutral.  *Id.*

## IV.    CONCLUSION

For all the foregoing reasons, the Court should grant the Motion dismissing the case for improper venue.  In the alternative, the Court should transfer this case to the Northern District of California for the convenience of the witnesses and parties.


 Dated: January 7, 2022

                                               */s/ Sarah S. Brooks*
                                               _____

                                               Sarah S. Brooks (*pro hac vice*)
                                               Margaret K. Ukwu (*pro hac vice*)
                                               **VENABLE LLP**
                                               2049 Century Park East, Suite 2300
                                               Los Angeles, CA 90067
                                               Telephone: (310) 229-9900
                                               Facsimile: (310) 229-9901
                                               ssbrooks@venable.com
                                               mkukwu@venable.com

                                               J. Daniel Kang (*pro hac vice*)
                                               Andrew P. MacArthur (admitted to this Court)
                                               Frank M. Gasparo (*pro hac vice*)
                                               Ralph A. Dengler (*pro hac vice*)
                                               **VENABLE LLP**
                                               Rockefeller Center
                                               1270 Avenue of the Americas, 24th Fl.
                                               New York, NY 10020
                                               jdkang@venable.com
                                               apmacarthur@venable.com
                                               fmgasparo@venable.com
                                               radengler@venable.com

                                               *Attorneys for Defendant Netflix, Inc.*

## **CERTIFICATE OF CONFERENCE**

Counsel for Netflix met and conferred via zoom on January 5, 2022 with counsel for Plaintiff WAG regarding this motion to dismiss or in the alternative motion to transfer to the Northern District of California. Counsel for WAG indicated that WAG would oppose this motion.

*/s/ Sarah S. Brooks*
Sarah S. Brooks

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been filed on this 7th day of January, 2021, pursuant to the CM/ECF system of the United States District Court for the Western District of Texas, which provides for service on counsel of record in accordance with the electronic filing protocols in place.

*/s/ Sarah S. Brooks*
Sarah S. Brooks